David R. FLEENOR, Petitioner–Appellant,

v.

Sonny SCOTT, Warden, Joseph Harp Correctional Center, Respondent–Appellee.

No. 01–6233.

United States Court of Appeals, Tenth Circuit.

April 25, 2002.

Before TACHA, Chief Judge, EBEL and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT*

EBEL, Circuit Judge.

Petitioner–Appellant David R. Fleenor was convicted of Murder in the First Degree by an Oklahoma jury and sentenced to life in prison without the possibility of parole. On December 8, 2000, Fleenor filed, pursuant to 28 U.S.C. § 2254, a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Oklahoma. A United States magistrate judge reviewed Fleenor's petition and recommended that it be dismissed as untimely under 28 U.S.C. § 2244(d)(1). Although the magistrate judge's report and recommendation acknowledged that § 2244(d)(1)'s statute of limitations could be tolled in extraordinary circumstances, the magistrate judge concluded that tolling could only occur where a petitioner had diligently pursued the underlying claim, which he found that Fleenor had not done. (Report & Recommendation at 5). Fleenor then filed an objection to the magistrate judge's report and recommendation, arguing:

[T]he statute of limitations has been equitably tolled by extraordinary circumstances, i.e., a constitutional violation that resulted in his conviction, when Petitioner was, in fact, innocent. Petitioner asserts his innocence, based upon the

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

fact that the medical examiner that testified at trial has changed her testimony, and an expert, that did not testify at trial, has shed new facts that should be introduced in a new trial.

(Aplt.App. at 32.) The district court, however, rejected Fleenor's objection and adopted the magistrate judge's report and recommendation in its entirety. (Order at 2.) Like the magistrate judge, the district court reasoned that "the § 2244(d)(1) limitation *may* be equitably tolled only when a prisoner has diligently pursued his federal claims. The evidence petitioner is relying on for his present equitable tolling argument was clearly available to him before the expiration of the limitation period for the filing of petitioner's habeas corpus petition." (*Id.* (emphasis in original)) The district court also denied Fleenor's request for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A).

■ Fleenor subsequently appealed to this court, seeking a COA and habeas relief.[1] As he did before the district court and magistrate judge, Fleenor contends that § 2244(d)(1)'s statute of limitations should be tolled because he is actually innocent. As the lower courts pointed out, however, § 2244(d)(1)'s statute of limitations may only be tolled when extraordinary circumstances exist *and* the petitioner has diligently pursued his claim. *See Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998).

■ We question whether the evidence proffered by Fleenor satisfies the high actual innocence standard. *See Sellers v. Ward,* 135 F.3d 1333, 1337 (10th Cir.1998) ("Actual innocence does not mean merely that the new evidence creates a reasonable doubt of the petitioner's guilt but that 'no reasonable juror would have found the defendant guilty had that evidence been produced at trial.' " (quoting *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995))).

Yet even if Fleenor's innocence allegations did cross this high threshold, we do not believe that Fleenor can satisfy the due diligence component for equitable tolling. First, we note that Fleenor, who was represented by counsel before the district court (as he is on appeal), never objected to the magistrate judge's conclusion that he had not diligently pursued his actual innocence claim. As explained above, Fleenor's only objection to the magistrate judge's report and recommendation, as far as we can tell from the record, was to reassert his innocence of the murder. (Aplt.App. at 32.) Except in very limited circumstances, failure to object to conclusions contained in a magistrate's report and recommendation prevents a party from challenging those findings on appeal. *See In re Carpenter,* 205 F.3d 1249, 1253 (10th Cir.2000); *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991). In this case, we cannot excuse Fleenor's failure to object to the magistrate judge's lack of due diligence finding, given that he received a

---

1. Under Rule 4(a)(1)(A) the deadline for appealing the district court's order and judgment expired on June 13, 2001. Fleenor's notice of appeal was filed with the district court on June 15, 2001, and thus, on its face, would appear untimely. Because Fleenor is a state prisoner, however, he is entitled to invoke the "prison mailbox rule," which provides that "the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing."

Fed.R.App.P. 4(c)(1). Fleenor has produced a prison mail log indicating that he mailed legal materials to the clerk of the Western District of Oklahoma on June 12, 2001. Respondent Scott concedes this log shows that Fleenor filed a timely notice of appeal, and precedent from this court supports this concession. *See Swart v. Hargett,* 208 F.3d 227, 2000 WL 271746, at *1 (10th Cir. Mar. 13, 2000). Therefore, we consider Fleenor's appeal timely and exercise jurisdiction.

copy of the report and recommendation, objected to some of the conclusions contained therein, and was warned in the report and recommendation that failure to object to factual or legal issues would waive appellate review of those issues. *See Wesley v. Massey,* 189 F.3d 479, 1999 WL 638229, at *1 (10th Cir. Aug. 23, 1999) (unpublished).

Even if we were to consider the due diligence argument, we would reject it. Fleenor's assertion of diligence is wholly conclusory, lacking both in analysis and explanation. In it is entirety, the argument states: "In the Appendix, the attempts by Mr. Fleenor to pursue state-post conviction relief are documented (Appendix at 1, 11, 13, 16, and 22). Mr. Fleenor has diligently pursued these issues." (Aplt. Br. at 6.) Cursory discussions and simple references to an appendix are insufficient to raise an issue on appeal, generally speaking. *See Gaines–Tabb v. ICI Explosives USA, Inc.,* 160 F.3d 613, 623–24 (10th Cir.1998); *Ambus v. Granite Bd. of Educ.,* 975 F.2d 1555, 1558 n. 1 (10th Cir.1992), *modified on other grounds on reh'g,* 995 F.2d 992 (10th Cir.1993). Nonetheless, out of an abundance of caution, we have examined the documents contained in the appendix, and our review leads us to the same conclusion reached by the magistrate judge and the district court, namely that Fleenor did not diligently pursue his actual innocence claim.

Accordingly, we **DENY** Fleenor's request for a certificate of appealability and **DISMISS** his appeal.